UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:11CV-00073-TBR
CRIMINAL ACTION NO. 1:06CR-00031-TBR

DENNYSON WARFIELD                                               MOVANT/DEFENDANT

VS.

UNITED STATES OF AMERICA                                        RESPONDENT/PLAINTIFF

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

The movant/defendant Dennyson Warfield ("Warfield"), proceeding *pro se*, has filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (DN 104). Following a preliminary review, the District Judge directed the respondent/plaintiff, United States of America ("United States"), to file an answer to the § 2255 motion (DN 105). Additionally, the District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), for an evidentiary hearing if deemed appropriate, as well as findings of fact and recommendations for disposition (DN 105). The United States has filed a motion to dismiss arguing under the terms of the plea agreement Warfield waived his right to contest or collaterally attack his conviction and resulting sentence (DN 111). Warfield has responded to the motion to dismiss (DN 113). The matter is ripe for determination.

The undersigned concludes that an evidentiary hearing is not necessary because the record in this case conclusively shows that Warfield waived his right to collaterally attack the conviction and sentence. Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999); United States v. Todaro,

982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).

FINDINGS OF FACT

On June 7, 2006, a federal Grand Jury in the Western District of Kentucky issued a 5-count indictment against Warfield (DN 1). Count 1 charged that on or about February 14, 2006, he knowingly and intentionally distributed 50 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii) (DN 1). Count 2 charged that on or about February 28, 2006, Warfield knowingly and intentionally distributed 50 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii) (DN 1). Count 3 charged that on or about February 28, 2006, Warfield knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (DN 1). Count 4 charged that on or about March 16, 2006, Warfield knowingly and intentionally possessed with the intent to distribute 50 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii) (DN 1). Count 5 of the indictment is a forfeiture count (DN 1).

Warfield subsequently moved to suppress a baggy containing approximately 8 ounces of crack cocaine seized at the Warren County Regional Jail after he dropped it in anticipation of a strip-search for suspected possession of contraband (DN 17, 24, 102). After conducting an evidentiary hearing the trial court denied the motion to suppress (DN 26, 30).

Warfield subsequently entered into a plea agreement with the United States (DN 37). The plea agreement required him to enter a plea of guilty to Counts 1 through 4 in the indictment (DN 37, Plea Agreement at Paragraph 3). Notably, the plea agreement included a provision whereby Warfield preserved his right to appeal the trial court's adverse ruling on his motion to suppress but otherwise waived his right to directly appeal his conviction and resulting sentence (DN 37, Plea Agreement at Paragraph 13). Additionally, the plea agreement included a provision whereby Warfield expressly waived "his right to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise" (DN 37, Plea Agreement at Paragraph 13). Warfield signed the written plea agreement on February 5, 2007 (DN 37, Plea Agreement at Page 12). Immediately above his signature is an attestation that he read the plea agreement, carefully reviewed every part of it with his attorney, fully understood it and voluntarily agreed to it (DN 37, Plea Agreement at Page 12). Warfield's appointed counsel, Johnny Bell, also signed the plea agreement on February 5, 2007 (DN 37, Plea Agreement at Page 12). Immediately defense counsel's signature is an attestation that he carefully reviewed every part of the plea agreement with Warfield and that to his knowledge Warfield's decision to enter into the plea agreement was an informed and voluntary one (DN 37, Plea Agreement at Page 12).

During the change of plea hearing on February 5, 2007, Warfield advised the District Judge of his desire to withdraw his previously entered pleas of not guilty and enter pleas of guilty as to Counts 1 through 4 of the indictment pursuant to Rule 11(c)(1)(B) (DN 38; DN 94, Change of Plea Hearing Transcript at Pages 2-18). After examining Warfield, under oath, the District Judge found that he was competent to enter the plea; the plea was knowing, voluntary and with the advice of counsel; he understood his Constitutional rights and waived them; and a factual basis for the plea

3

had been established (DN 38; DN 94, Change of Plea Hearing Transcript at Pages 2-18).

During the change of plea hearing Warfield acknowledged reading the plea agreement and discussing it with his attorney (DN 94, Change of Plea Hearing Transcript at Page 11). Moreover, Warfield confirmed that he understood and agreed with the terms and conditions of the written plea agreement (DN 94, Change of Plea Hearing Transcript at Page 11). Additionally, Warfield confirmed that he had signed the written plea agreement (DN 94, Change of Plea Hearing Transcript at Page 11). During the change of plea hearing the prosecutor in outlining the terms of the plea agreement noted that Warfield waived his right to collaterally attack or contest his conviction pursuant to 28 U.S.C. § 2255 or otherwise (DN 94, Change of Plea Hearing Transcript at Page 13). Thereafter, Warfield confirmed that he understood the terms of the plea agreement (DN 94, Transcript of Change of Plea Hearing at Page 13). Moreover, in response to a question by the District Judge, Warfield confirmed his understanding that under the terms of the plea agreement he was waiving his right to challenge his conviction and sentence on direct appeal, with the exception of the suppression ruling, and to collateral attack (DN 94, Transcript of Change of Plea Hearing at Page 14).

At the outset of the sentencing hearing, defense counsel advised the Court of a modification to the plea agreement (DN 89, Sentencing Hearing Transcript at Pages 2-3). Pursuant to the modification, in exchange for withdrawing its 851 notice (which would have doubled the mandatory minimum sentence) the United States was relieved of its obligation to recommend the bottom of the applicable advisory guideline range (DN 89, Sentencing Hearing Transcript at Pages 2-3). Assistant United States Attorney Kuhn confirmed that the United States had agreed to this modification (DN 89, Sentencing Hearing Transcript at Page 3). Additionally, AUSA Kuhn indicated and defense

4

counsel confirmed that under the plea agreement Warfield "waived his right to appeal and his right to collateral attack except for a retention of a right to appeal a suppression [sic]" (DN 89, Sentencing Hearing Transcript at Page 3). After hearing argument from counsel, the District Judge sentenced Warfield to concurrent sentences of 151 months on Counts 1 through 4 and a 5 year term of supervised release (DN 83, Judgment and Commitment Order; DN 89, Sentencing Hearing Transcript at Pages 5-14). On appeal, the Sixth Circuit affirmed the District Judge's suppression ruling (DN 102, 103).

On May 16, 2011, Warfield filed his § 2255 motion (DN 104). It sets forth three grounds for relief (DN 104). He seeks to set aside his conviction (DN 104). The United States has filed a motion to dismiss because under the terms of the plea agreement Warfield waived his right to file a § 2255 motion (DN 111).

CONCLUSIONS OF LAW

A

In order to obtain relief under 28 U.S.C. § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (*per curiam*), cert. denied, 508 U.S. 943 (1993). In order to obtain relief under § 2255 on the basis of a Constitutional error, the record must reflect an error of Constitutional magnitude that has a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994).

5

B

The United States has moved to dismiss Warfield's § 2255 motion. It argues Warfield's §2255 motion is barred by the waiver provision at Paragraph 13 in the plea agreement.

The Sixth Circuit has consistently held that a defendant's knowing, intelligent, and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. See e.g. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Additionally, in Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit held "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."

Paragraph 13 of the plea agreement indicates that Warfield knowingly and voluntarily waived his right "to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise" (DN 37, Plea Agreement at Paragraph 13). By signing the written plea agreement Warfield attested to knowingly, intelligently, and voluntarily agreeing to all of its terms, including his waiver of the right to collaterally attack his sentence (DN 37, Plea Agreement at Page 12). Furthermore, during the change of plea hearing, while under oath, Warfield confirmed his understanding that pursuant to Paragraph 13 of the plea agreement he was giving up his right to collaterally attack his conviction and sentence (DN 94, Change of Plea Hearing Transcript at Pages 13, 14). Moreover, Warfield's answers to the Court's questions during the change of plea hearing indicate he knowingly, intelligently, and voluntarily entered into the plea agreement (DN 94, Change of Plea Hearing Transcript at Pages 2-18).

The record in this case indicates that Warfield entered a valid guilty plea (DN 94, Change of Plea Hearing Transcript at Pages 2-18). The change of plea hearing transcript shows the Court

made sure Warfield understood the direct consequences of a guilty plea (DN 94, Change of Plea Hearing Transcript at Pages 2-18). Moreover, the change of plea hearing transcript clearly shows the Court complied with the requirements of Fed.R.Crim.P. 11 (DN 94, Change of Plea Hearing Transcript at Pages 2-18).

In Ground 2 Warfield alleges he received ineffective assistance of counsel on direct appeal because appellate counsel failed to challenge the trial court's denial of his request to reopen the suppression hearing (DN 104). This claim of ineffective assistance of appellate counsel is precluded by the waiver provision in the plea agreement because it does not challenge the very validity of the waiver itself. In re Acosta, 480 F.3d 421, 422-423 (6th Cir. 2007); Davila, 258 F.3d at 451.

In his reply memorandum, Warfield amends his §2255 motion to assert another claim of ineffective assistance of counsel (DN 113, Memorandum at Pages 2-3). This claim is intended to challenge the very validity of the waiver itself (DN 113, Memorandum at Pages 2-3). Warfield alleges, during the change of plea hearing, trial counsel explained the waiver provision would allow him to file a §2255 motion "attacking the suppression hearing, and ineffective assistance of counsel related thereto but nothing else" (DN 113, Memorandum at Page 2). Warfield also claims trial counsel advised he could file a §2255 motion "if it related to prosecutorial misconduct" (DN 113, Memorandum at Page 2). Warfield asserts "but for counsel [sic] deficient performance he would not have entered into said plea and waiver, if there is one" (DN 113, Memorandum at Page 2).

The undersigned notes that Warfield's bare assertions in support of this new claim of ineffective assistance of counsel are contradicted by Warfield's sworn statements during the change of plea hearing. Blackledge v. Allison, 431 U.S. 63, 74 (1977) (appropriate to consider statements made under oath during the change of plea hearing in assessing the credibility of a petitioner's

7

claim). For example, at the Court's request, AUSA Kuhn outlined the substance of the plea agreement including Warfield waiving his right to appeal, except for "the issues raised in the written motion to suppress evidence", and waiving "his right to collaterally attack or contest this conviction pursuant to 28, U.S.C., Section 2255 or otherwise" (DN 94, Change of Plea Transcript at Page 13). If Warfield and his trial counsel had a different understanding of what Warfield waived under the plea agreement this would have been the time to bring it to the Court's attention. Instead, while under oath, Warfield confirmed for the Court that he understood the plea agreement (DN 94, Change of Plea Transcript at Page 13). Additionally, the Court specifically asked Warfield the following:

> "Do you understand under your plea agreement you've waived your right to appeal your case or collaterally attack your sentence, except you have retained your right to appeal my ruling on your suppression motion? Other than that you've waived it, do you understand that, sir?"

(DN 94, Change of Plea Hearing Transcript at Page 14). Again, if Warfield and his trial counsel had a different understanding of what Warfield waived under the plea agreement this would have been the time to bring it to the Court's attention. Instead, Warfield responded, "[y]es, sir" (DN 94, Change of Plea Hearing Transcript at Page 14) indicating he agreed with the Court's understanding of what he waived under the plea agreement. Further, Warfield's responses and trial counsel's silence implicitly indicate trial counsel's advice was consistent with the Court's understanding. In sum, Warfield's ineffective assistance of counsel claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing. Blackledge, 431 U.S. at 74. Therefore, the undersigned concludes Warfield has not asserted a credible challenge to the validity of his waiver.

In sum, the transcript indicates Warfield knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction and sentence by § 2255 motion or otherwise. Since Warfield is precluded from bringing this challenge to his conviction the United States' motion to dismiss should be granted.

Since the undersigned recommends the Court dismiss the § 2255 motion on a procedural ground, Warfield must satisfy both prongs of the test articulated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-485 (2000), to be entitled to a Certificate of Appealability. To satisfy the first prong of this test, Warfield must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a Constitutional right." <u>Id.</u> at 484. To satisfy the second prong, Warfield must show "jurists of reason would not find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Notably, the Court need not conduct a two-prong inquiry in the order identified or even address both parts if Warfield makes an insufficient showing on one part. <u>Id.</u> at 485. For example, if the Court determines that Warfield fails to satisfy the procedural prong then it need not determine whether the Constitutional prong is satisfied. <u>Id.</u>

For the reasons set forth above, a plain procedural bar exists that jurists of reason would not find debatable. <u>Id.</u> at 484. Therefore, the undersigned that a Certificate of Appealability be denied as to Warfield's § 2255 motion.

<u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that the United States' motion to dismiss (DN

9

111) be GRANTED and that Warfield's motion pursuant to 28 U.S.C. § 2255 be DISMISSED with prejudice. It is further recommended that a Certificate of Appealability be DENIED.

NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:    Dennyson Warfield, *pro se*
           Counsel of Record